RECEIVED

2012 APR 25 PM 4:23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

AYANNA N. HAWKINS

v.                         CIVIL ACTION NO. _____

INTERSTASTE BLOOD BANK, INC. and
KAREN WINCHESTER, JUDITH UPTON,
JOINTLY AND SEVERALLY

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. Section2000e-5. Equitable and other relief are also sought under 42 U.S.C. Section 2000e-5(g).

2. Plaintiff Ayanna N. Hawkins is a citizen of the United States and resides at 1294 White Oak Road Tunica,USA, Mississippi 38676.

3. Defendant Interstate Blood Bank, Incorporated's business is located at 5700 Pleasant View Road, Memphis, USA, Tennessee 38134-0000.

4. Defendant Karen Winchester, laboratory technician is or was an employee of Interstate Blood Bank located at 5700 Pleasant View Road, Memphis, USA, Tennessee 38134-0000.

5. Defendant Judith Upton is or was the Laboratory Manager and employee of Interstate Blood Bank located at 5700 Pleasant View Road, Memphis, USA, Tennessee 38134-0000.

6. Defendant discriminated against plaintiff in the manner indicated in paragraph 11 of this complaint on about a period of time from September of 2010 until Plaintiff was terminated on May 9, 2011.

7. Defendant filed charges against the defendant with the United States Equal Employment Opportunity Commission Memphis District Office charging the defendant with acts of discrimination indicated in Paragraph 11 of the complaint on or about July 13, 2011.

8. Defendant filed charges against the defendant with the Tennessee Human Rights Commission charging the defendant with acts of discrimination indicated in paragraph 11 of this complaint on or about July 15, 2011.

9. The Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on or about January 31, 2012 which is attached.

10. Because of plaintiff's race, defendant, terminated plaintiff's employment.

11. The circumstances under which defendant discriminated against plaintiff were as follows:

(a) Karen Winchester became lead Laboratory Technician in November of 2010. She and Judith Upton, laboratory Manager both white constantly harassed and discriminated against me and treated me differently than white employees.

(b) I received a written reprimand and falsely accused of "entering test results into the laboratory computer system for a sample I never tested" that is falsifying test results. This was untrue. However, Karen Winchester was asked to retest a sample that she forgot the write in. She refused to retest the sample and went to Judy Upton and she told her to write in the result. Karen Winchester received no write up at all.

(c) I was constantly being followed and watched by Karen Winchester in violation of my civil rights and company policy. According to the Employee Policy Manual of The Interstate Companies, "Threatening, intimidating or coercing fellow employees on or off the premises at any time, for any purpose is prohibited". (EP 205 p. 2) None of the white employees suffered this harassment. I complained to my supervisor, Shohba Patel and was so distraught I asked for a leave of absence but was told I would not have a job if I took leave. Nothing was ever done about my complaint.

(d) Judy Upton wrote me up for failing to perform maintenance a machine. Two white females refused to show me how to perform this task. Again I informed my supervisor and I received no relief.

(e) I was wrongfully terminated May 9, 2011 after working there since August 28, 2005. I applied for unemployment and it was denied.. I appealed. After hearing it was determined that the evidence presented was insufficient to make a finding of misconduct. Therefore, the reason for my discharge was motivated by discrimination because of my race as I was absolved of any wrong doing by the Appeals Tribunal of Tennessee Department of Labor and Workplace Development. Attached

12. The acts set forth in paragraph 12 of this complaint may still be being committed by defendants, although I have no first hand knowledge of this.

13. Please attach to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which are submitted as a brief statement of facts supporting this complaint.

WHEREFORE, Plaintiff that the Court grants the following relief to the plaintiff:

    (a) Defendant be directed clear my personnel file of all reprimands and write-ups adverse to Plaintiff;

    (b) Defendant be ordered to compensate Plaintiff for their willful discrimination, harassment and mental distress caused by her wrongful termination;

    (c) Defendant also be ordered to pay for any lost wages suffered as a result of her wrongful termination between the time of her discharge up until she began receiving unemployment benefits; or as the Court deems she would be entitled to;

And that the Court grant such other relief as may be appropriate, including injunctive order, damages, costs and attorney's fees.

15. I would like to have my case tried by jury.

_____
**SIGNATURE OF PLAINTIFF**