IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

AYANNA N. HAWKINS

    Plaintiff,

v.                                    Case 2:12-cv-02325-STA-cgc

INTERSTATE BLOOD BANK, INC.

    Defendant.

REPORT AND RECOMMENDATION ON
MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Interstate Blood Bank, Inc.'s Motion for Summary Judgment. (Docket Entry "D.E." #79). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be GRANTED.

**I. Introduction**

Plaintiff, Ayanna Hawkins, filed a Complaint against Interstate Blood Bank, Inc. ("Defendant"), Judith Upton, and Karen Winchester alleging that these parties racially harassed her and terminated her on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (D.E. #1). The District Court, *sua sponte*, dismissed Plaintiff's claims against Winchester and Upton pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Title VII does not give a remedy against co-workers or supervisors in their individual capacities. (D.E.

#8). This left Interstate Blood Bank, Inc. as the sole defendant. Interstate filed the instant motion on August 30, 2013. Plaintiff filed her response on September 27, 2013. (D.E. # 75) Interstate filed its reply on October 10. 2013. (D.E. # 79) Plaintiff filed a document purporting to be a reply to Interstate's October 10, 2013 reply on October 24, 2013. (D.E. # 82) As this document was filed without leave of Court and the Local Rules only authorize the filing of a response by the non-moving party, it will not be considered by the Court for the purposes of this Report. *See* L.R. 56.1.

**II. Proposed Findings of Fact**

Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy on March 3, 2010. (Defendant's Memorandum in Support of Motion for Summary Judgment ("Def. Memo."), Exh. 1). The bankruptcy court dismissed the bankruptcy in November of 2011 for failure to make payment plans. (Def. Memo, Exh. 2). Plaintiff filed a second Voluntary Petition for Chapter 13 Bankruptcy in December of 2011, this time with the assistance of counsel. (Def. Memo, Exh. 3). Plaintiff submitted her schedule of assets the next month. She marked "none" next to the box asking for identification of "[o]ther contingent claims of every nature" in the Schedule B—Personal Property section. (Def. Memo, Exh. 4). She did not include anything regarding her discrimination claim in her Statement of Financial Affairs, nor did she otherwise identify her potential claim anywhere in her schedules. (Def. Memo, Exh. 4). Plaintiff went on to verify, under penalty of perjury, that the information in her schedules was true and correct. (Def. Memo, Exh. 4). Ultimately, the bankruptcy court entered an order confirming Plaintiff's proposed plan on March 19, 2012. (Def. Memo, Exh. 5, 6).

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2011, alleging discrimination on the basis of race. (Def. Memo, Plaintiff's Deposition ("Pl. Dep.") p. 176).[1] She did this before she filed the second Voluntary Petition for Chapter 13 Bankruptcy. Plaintiff admits that she omitted her discrimination claim and that the bankruptcy court adopted the proposed Chapter 13 plan (Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("Pl. Resp. to Statement of Facts") p. 6). After the Defendant filed this Motion for Summary Judgment on judicial estoppel grounds, Plaintiff finally amended her Schedule B— Personal Property and Statement of Financial Affairs on September 6, 2013 to include this lawsuit (Plaintiff's Response to Motion for Summary Judgment ("Pl. Resp. to Mot."), Exh. 18).

## III. Legal Standards

### A. *Pro Se Litigants*

The Magistrate Judge initially notes that Plaintiff is proceeding as a pro se litigant in this matter. Pleadings filed by pro se litigants are to be "construed more liberally than pleadings drafted by lawyers." *Williams v. Bowman*, 981 F.2d 901, 903 (6th Cir. 1992). While pro se litigants are afforded this less stringent standard, "pro se plaintiffs are not automatically entitled to take every case to trial . . . [and] the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Sixth Circuit has held that there is no requirement to provide non-prisoner pro se litigants the benefit of special assistance

---

[1] After the close of discovery, Plaintiff filed a motion for permission to file an audio recording exhibit to be considered in this motion. This Court granted the motion in accordance with *Nolen v. FedEx Services*, No. 11-02832, 2013 WL 2244624, at *2 (W.D. Tenn. May 21, 2013) (holding that courts should be lenient with pro se litigants to the extent that it helps allow the court to decide summary judgment motions on the merits). Plaintiff's audio exhibit, however, is a recording of her post-termination appeal. It does not pertain to the bankruptcy issue and is, therefore, irrelevant.

with respect to summary judgment motions. *Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988); *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003). The Court in *Brock* decided to afford pro se non-prisoner litigants no special assistance "out of a sense of fairness to other parties who choose counsel and must bear the risk of their attorney's mistakes. Thus, a litigant who chooses [herself] as a legal representative should be treated no differently." *Brock*, 840 F.2d at 343 (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (internal quotation marks omitted)).

## B. Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support

the nonmoving party's case. *Id.* at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

**IV. Proposed Conclusions of Law**

The doctrine of judicial estoppel is designed to prevent "a party from prevailing in one phase of the case on an argument and then relying on a contradictory argument to prevail in another phase." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010). There is no bright-line rule or clear formula for deciding when a defendant may appropriately invoke judicial estoppel. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (citing *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). However, numerous courts agree that judicial estoppel applies when a plaintiff omits a cause of action as an asset in a bankruptcy schedule. The Sixth Circuit follows this model. *White*, 617 F.3d at 478.

To support a finding of judicial estoppel, a court must find (1) that the plaintiff has assumed a position in this Court that is contrary to one asserted under oath in the bankruptcy proceedings; (2) that "the bankruptcy court adopted the contrary position either as a preliminary

5

matter or as part of a final disposition;" and (3) that the omission did not result from "mistake or inadvertence." *Id.* The Court will address each prong in turn.

The Defendant must first show that the Plaintiff asserted a position in this Court contrary to one asserted under oath in a bankruptcy court. *Id.* The Plaintiff in this case does not dispute that she filed a discrimination claim with the EEOC in July of 2011. Nor does she dispute the fact that she then filed a petition for Chapter 13 bankruptcy in December of 2011. In the Schedule for that filing, the Plaintiff checked "none" next to the box marked "[o]ther contigent claims of every nature." Although the Plaintiff argues that this was unintentional, the fact remains that she asserted in bankruptcy court that she had no other contingent claims. Finally, Plaintiff does not dispute that she went on, after the bankruptcy filing, to file her discrimination and harassment Complaint against the Defendant in April of 2012. By doing this, she asserted a position in this Court contrary to the one she asserted in bankruptcy court— that she had no other contingent claims.

With the contrary position prong satisfied, the Court must next find that the bankruptcy court adopted the contrary position at some point. *White*, 617 F.3d at 478. The bankruptcy court adopted the Plaintiff's proposed Chapter 13 Plan in an Order dated March 19, 2012. By submitting the Order, the bankruptcy court incorporated the Plaintiff's schedule, proposed plan, and statement of financial affairs. *See Payne v. Cent. Def. Servs.*, 2013 U.S. Dist. LEXIS 108893, at *12-14 (W.D. Tenn. June 13, 2013) (holding that by confirming plaintiff's plan the bankruptcy court "adopted the contrary position"). The Court recommends that this satisfies the second judicial estoppel prong.

Finally, the Court must find that the Plaintiff's omission to the bankruptcy court was not the result of a "mistake or inadvertence." *White*, 617 F.3d at 478. To determine the presence or

absence of a mistake or inadvertence, the Court must consider whether Plaintiff (1) lacked knowledge of the factual basis of the undisclosed claims, (2) had a motive for concealment; and (3) the evidence indicates an absence of bad faith. *Id.* Plaintiff asserts, in vague and conclusory terms, that her omission was the result of a mistake. That assertion is unpersuasive.

The first factor for deciding mistake or inadvertence concerns knowledge of the factual basis of Plaintiff's discrimination claim. Plaintiff does not, and cannot, assert that she was unaware of the factual basis of the claim because she had already filed her EEOC discrimination claim when she filed the December 2011 bankruptcy petition. The EEOC claim pertained to the same facts Plaintiff alleges in her complaint. Plaintiff instead argues that she was unaware that she was required to disclose the claim to the bankruptcy court. The Plaintiff's ignorance of the requirement to disclose is not relevant, only her ignorance of the factual basis for her discrimination claim. *See Dickerson v. Fed. Express Corp.*, 2010 U.S. Dist. LEXIS 22742, at *10-11 (W.D. Tenn. March 10, 2010) (holding that lack of awareness of Chapter 13 disclosure requirements is irrelevant to judicial estoppel). Moreover, Plaintiff was represented by counsel during her bankruptcy proceeding. This means she either concealed her EEOC claim from her attorney or her attorney failed to properly include the claim. Either version does not excuse Plaintiff's failure to include the claim. *See Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) (holding that parties are bound by the actions of their attorneys and are considered to have notice of all facts available to their attorneys).

Next, Plaintiff had a motive to conceal the claim because "[i]t is always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 426 (6th Cir. 2005). Specifically, if the discrimination claim became a part of Plaintiff's bankruptcy estate, then the proceeds from it could go towards paying her creditors instead of

7

paying her directly.  *See White*, 617 F.3d at 479.  The Court finds no evidence to the contrary in Plaintiff's case and recommends that she had a motive to conceal the claim.

Finally, Plaintiff must demonstrate "her attempts to correct her initial omission" in order to show an absence of bad faith.  *White*, 617 F.3d at 480.  Plaintiff amended her Schedule B—Personal Property and Statement of Financial Affairs on September 6, 2013, to include her current pending lawsuit.  She did this approximately one week after Defendant filed its motion for summary judgment on judicial estoppel grounds.  The Sixth Circuit has said it that it "will not consider favorably" the fact that a plaintiff amended her filing after a Defendant moves to dismiss.  *Id.* at 481.  Allowing Plaintiff to wait until Defendant challenges her omission before attempting to correct it "suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them."  *Dickerson*, 2010 U.S. Dist. LEXIS 22742 at *10-11 (quoting *Burnes v. Pernco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).  The Court recommends that the Plaintiff has not shown an absence of bad faith.

**V. Conclusion**

For the reasons set forth herein, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be GRANTED.

**DATED** this 25th day of October, 2013.

s/Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**