IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AYANNA N. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-2325-STA-cgc |
| ) | |
| INTERSTATE BLOOD BANK, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT

Before the Court is the United States Magistrate Judge's Report and Recommendation (D.E. # 83) that Defendant Interstate Blood Bank, Inc.'s motion for summary judgment (D.E. # 71) be granted. Plaintiff Ayanna N. Hawkins, who is acting *pro se*, has filed a timely objection to the Report, and Defendant has filed a response to Plaintiff's objection. Having reviewed the Report, Plaintiff's objection, and the parties' summary judgment briefing, the Magistrate Judge's Report and Recommendation is **ADOPTED** and Defendant's motion for summary judgment is **GRANTED**.

## BACKGROUND

The Court hereby adopts the Magistrate Judge's report of the following procedural and factual background, to which neither party has raised any objection: Plaintiff filed a Complaint against Defendant Interstate Blood Bank, Inc., Judith Upton, and Karen Winchester, alleging that these parties racially harassed her and terminated her on the basis of her race in violation of Title VII

1

of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The Court dismissed *sua sponte* Plaintiff's claims against Winchester and Upton pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Title VII does not give a remedy against co-workers or supervisors in their individual capacities. Only Interstate Blood Bank, Inc. remained as a defendant. Defendant filed its motion for summary judgment on August 30, 2013, and Plaintiff filed a response in opposition on September 27, 2013, to which Defendant filed a reply on October 10. 2013. Plaintiff filed a document purporting to be a sur-reply (D.E. # 82) on October 24, 2013. As Plaintiff's sur-reply was filed without leave of Court and the Local Rules only authorize the filing of a response by the non-moving party, the Magistrate Judge declined to consider it in preparing her Report and Recommendation.

It is undisputed that Plaintiff filed a Voluntary Petition for Chapter 13 Bankruptcy on March 3, 2010. (Def.'s Mem. in Support of Mot. for Summ. J., Ex. 1.) The Bankruptcy Court dismissed the petition in November 2011 for failure to make payment plans. (*Id.*, Ex. 2.) Plaintiff filed a second Voluntary Petition for Chapter 13 Bankruptcy in December 2011, this time with the assistance of counsel. (*Id.*, Ex. 3.) Plaintiff submitted her schedule of assets the following month and marked "none" next to the box asking for identification of "[o]ther contingent claims of every nature" in Schedule B— Personal Property. (*Id.*, Ex. 4.) Plaintiff did not include anything regarding her discrimination claim in her Statement of Financial Affairs, nor did she otherwise identify her potential claim anywhere in her schedules. (*Id.*) Plaintiff went on to verify, under penalty of perjury, that the information in her schedules was true and correct. (*Id.*) Ultimately, the bankruptcy court entered an order confirming Plaintiff's proposed plan on March 19, 2012. (*Id.*, Exs. 5, 6.)

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2011, alleging discrimination on the basis of race. Plaintiff filed

her charge before she filed the second petition. Plaintiff admits that she omitted her discrimination claim and that the Bankruptcy Court adopted the proposed Chapter 13 plan. (Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts 6.) On September 6, 2013, after Defendant had filed its Rule 56 motion arguing judicial estoppel, Plaintiff amended her Schedule B— Personal Property and Statement of Financial Affairs to include her discrimination claims in this lawsuit. (Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. 18.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, a United States Magistrate Judge may hear a pretrial matter dispositive of a claim or defense and enter a recommended disposition along with proposed findings of fact.[1] A party may file specific written objections to the Magistrate Judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition.[2] The Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[3] After reviewing the record, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[4] Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to

---

[1] 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

[2] § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). In her timely objections, Plaintiff has requested that the Magistrate Judge reconsider her Report. Pl.'s Objs. to the Mag. J.'s Rep. & Recommendation 3. Because the Court is reviewing the Report, reconsideration of the Report is unnecessary.

[3] § 636(b)(1)(C).

[4] *Id.*

3

which no specific objection is made.[5] Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[6]

## ANALYSIS

The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation on Defendant's motion for summary judgment and grants Defendant judgment as a matter of law on grounds of judicial estoppel.[7] As the Magistrate Judge correctly noted, "[t]he doctrine of judicial estoppel is designed to prevent a party from prevailing in one phase of the case on an argument and then relying on a contradictory argument to prevail in another phase."[8] The Magistrate Judge concluded that the doctrine of judicial estoppel applied in this case because (1) Plaintiff has assumed a position in her judicial Complaint that is contrary to one she asserted under oath in the bankruptcy proceedings; (2) "the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition;" and (3) Plaintiff's omission did not result from "mistake or inadvertence." Based on the undisputed material facts in this case, the Court finds that all of the elements of judicial estoppel are satisfied at summary judgment.

The Court holds that no genuine dispute exists as to the first two elements of judicial estoppel. First, Plaintiff has taken inconsistent positions in her judicial Complaint and before the

---

[5] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

[7] Defendant also sought judgment as a matter of law on Plaintiff's Title VII claims. The Magistrate Judge did not reach the merits of those claims because the judicial estoppel issue is dispositive. Likewise, the Court finds it unnecessary to consider the merits of Plaintiff's Title VII claims because she is judicially estopped from pursuing the claims.

[8] Mag. J.'s Rep. & Recommendation 5 (quoting *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010)).

4

Bankruptcy Court. Although Plaintiff filed her charge with the EEOC in July 2011, Plaintiff did not list the potential claim in her bankruptcy petition in December 2011. In other words Plaintiff's bankruptcy petition "essentially stated that [her discrimination] claim did not exist" and her judicial Complaint in this Court took a contrary position.[9] These facts satisfy the first element of judicial estoppel. Second, the Magistrate Judge found that the Bankruptcy Court had adopted Plaintiff's contrary position. The Bankruptcy Court confirmed Plaintiff's proposed plan in March 2012. "[W]hen a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient judicial acceptance to estop the party from later advancing an inconsistent position."[10] Thus, the second element of judicial estoppel is also met.

With respect to the third element, the Court adopts the Magistrate Judge's recommendation and concludes that Plaintiff's omission was not mistaken or inadvertent. The Court's analysis focuses on whether (1) Plaintiff lacked knowledge of the factual basis of the undisclosed claims; (2) Plaintiff had a motive for concealment; and (3) the evidence indicates an absence of bad faith. The bad faith inquiry looks closely at Plaintiff's "attempts to advise the bankruptcy court of her omitted claim."[11] The Magistrate Judge decided that Plaintiff did not lack knowledge of the factual basis of her undisclosed Title VII claims and had motive for concealment. The Court agrees. Plaintiff had already filed a charge of discrimination some months before she filed her Chapter 13 petition in December 2011. Plaintiff obviously knew about the facts that gave rise to a colorable Title VII

---

[9] *White*, 617 F.3d at 479.

[10] *Id.*

[11] *Id.* at 478.

5

Plaintiff argues in her objections that while she knew about the relevant facts, she had not filed her suit and did not know whether the Court would dismiss her suit. However, the filing of the suit and its ultimate merits is not relevant to the question of whether Plaintiff knew about the facts giving rise to a possible Title VII claim. Clearly Plaintiff had knowledge of the underlying facts of her Title VII claims, as her summary judgment briefing shows. Plaintiff's memorandum states that her managers "created a hostile and offensive work environment for Plaintiff on or about November 2010 until May 9, 2011."[12] Therefore, the Court finds that Plaintiff's objection on this point is not persuasive.

Moreover, the Court adopts the Magistrate Judge's proposed conclusion that Plaintiff has not shown an absence of bad faith. The Magistrate Judge focused on Plaintiff's attempts to correct her bankruptcy filings and found that Plaintiff only amended her petition one week after Defendant filed its motion for summary judgment. Defendant filed its Rule 56 motion on August 30, 2013, and Plaintiff moved to amend her Chapter 13 petition on September 6, 2013. There is no other evidence that Plaintiff had attempted to amend her bankruptcy filings at any time prior to the filing of Defendant's dispositive motion arguing judicial estoppel. Additionally, the record shows that when Plaintiff received her right-to-sue letter (D.E. # 1-1) from the EEOC on January 30, 2012, the Bankruptcy Court had not yet confirmed her proposed plan. The Bankruptcy Court entered its order confirming her Chapter 13 plan (D.E. # 71-13) on March 19, 2012, and Plaintiff filed her judicial Complaint on April 25, 2012. These circumstances also tend to show that there is not an absence of bad faith in this case.[13] Therefore, the Court adopts the Report and Recommendation on the bad faith issue.

---

[12] Pl.'s Resp. to Def.'s Mot. for Summ. J. 2.

[13] *White*, 617 F.3d at 482.

In her objections, Plaintiff requests an opportunity to defend her credibility on the issue, arguing that the "Court, along with the Defendant, has tried to discredit Plaintiff and destroy her credibility."[14] The Court would simply state that in reviewing a motion for summary judgment, the Court cannot and does not make credibility determinations.[15] The Court's task at summary judgment is to determine whether Defendant has shown that there is no genuine dispute as to any material fact and whether Defendant is entitled to judgment as a matter of law on the judicial estoppel issue.[16] In support of its Rule 56 motion, Defendant has adduced evidence showing that Plaintiff failed to include her Title VII claims in her bankruptcy filings. As the non-moving party, Plaintiff has the burden to offer proof that she should not be judicially estopped from prosecuting her Title VII Complaint before this Court. Plaintiff can make this showing in any number of ways, for example, by proving that she attempted to correct her bankruptcy filings or that she had no motive to conceal her Title VII claims.

However, for the reasons already discussed, Plaintiff has not carried her burden to survive summary judgment. This is not to say that Plaintiff lacks credibility; the Court merely concludes that Plaintiff has not adduced relevant evidence to show that her mistake in omitting her Title VII claims from her bankruptcy filings was simply inadvertent. Plaintiff has asserted that she made a mistake in omitting her Title VII claims from her bankruptcy filings because she had not yet filed her suit at the time she prepared her Chapter 13 petition and she did not yet know whether her suit would be

---

[14] Pl.'s Objs. to the Mag. J.'s Rep. & Recommendation 2.

[15] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[16] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

meritorious. Even accepting these facts as true, they do not show that Plaintiff should not be estopped from litigating her Title VII claims in this forum.[17] Therefore, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled.

Having reviewed the Report, Plaintiff's objection, and the parties' summary judgment briefing, the Court hereby **ADOPTS** the Magistrate Judge's Report and **GRANT** Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 18, 2013.

---

[17] Plaintiff further argues in her objections that she is prejudiced as a *pro se* litigant. However, Plaintiff has not shown why her lack of counsel in this case is relevant to the issue of judicial estoppel. As is clear from the record, Plaintiff has filed a number of papers vigorously prosecuting her interests in this matter. Plaintiff has now had a full opportunity for discovery. It also appears that Plaintiff filed her Chapter 13 petition and amended her filings in September 2013 with the assistance of counsel. Therefore, the Court finds no reason to believe that Plaintiff's *pro se* status has any bearing on the judicial estoppel issue.